IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

07 JUL 24 PM 1:23

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>IRWIN MORTGAGE CORPORATION )<br>)<br>Defendant. ) | CIVIL ACTION NO.<br>1:07-cv-0963-JDT-WTL<br>COMPLAINT<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to an individual who was adversely affected by such practices. As alleged with greater particularity in paragraph 8 below, the Commission alleges that Defendant violated the confidentiality provisions of the Americans with Disabilities Act when it disclosed an employee's medical condition.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Irwin Mortgage (the "Employer") has been an Indiana Corporation doing business in the State of Indiana and the City of Fishers, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, an individual filed charge no. 470-2006-00982 with the Commission alleging violations of Title I of the ADA by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since approximately August 2005, Defendant Employer has engaged in unlawful employment practices at its Fishers facility, in violation of Section 102 (d) of Title I of the ADA, 42 U.S.C.§ 12112(d). These practices include violating the confidentiality provisions of the ADA by disclosing an employee's medical condition to her co-workers.

9. The effect of the practices complained of in paragraph 8 above has been to deprive the employee of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disability.

10. The unlawful employment practices complained of in paragraph 8 above were and are intentional.

11. The unlawful employment practices complained of in paragraph 8 above were and are being done with malice or with reckless indifference to the federally protected rights of the employee whose medical condition was disclosed.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in disability discrimination and any other employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole the aggrieved individual by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices

complained of in paragraph 8 above, including emotional pain, suffering, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    D.    Order Defendant to pay the aggrieved individual punitive damages for its malicious and reckless conduct, as described in paragraph 8 above, in amounts to be determined at trial.

    E.    Grant such further relief as the Court deems necessary and proper in the public interest.

    F.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

    Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington D.C. 20507

LAURIE A. YOUNG, #11480-49
Regional Attorney

MICHELLE EISELE, #12070-49
Supervisory Trial Attorney

JOHANNA PHILHOWER MAPLE
Senior Trial Attorney, #20245-49

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Indianapolis District Office
101 W. Ohio St., Suite 1900
Indianapolis, IN 46204-4203
Phone: (317) 226-5601
Fax: (317) 226-5571
E-mail: johanna.maple@eeoc.gov