UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:07-CV-0963-JDT-WTL |
| | ) | |
| IRWIN MORTGAGE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | | |
| L.M., | ) | |
| | ) | |
| Intervening Plaintiff. | ) | |

<u>CONSENT DECREE</u>

The Equal Employment Opportunity Commission ("Commission") instituted Civil

Action No. 1:07cv-0963-JDT-WTL under the authority granted to it under Section 107(a) of the

Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by

reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

U.S.C.§ 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C.

§ 1981a.  The Commission's action was brought to correct a violation of the confidentiality

provisions of the ADA.

The Commission, Plaintiff-Intervenor, and the Defendant Irwin Mortgage Corporation,

hereby stipulate to the jurisdiction of the Court over the parties and the subject matter of this

action.

It is understood and agreed that Defendant has denied and continues to deny that it is

liable to Plaintiff-Intervenor on any theory, and that nothing in this Agreement, including, but

not limited to, the payment of the amounts set forth herein by Defendant, constitutes an admission by Defendant of any fact, damage or liability to Plaintiff-Intervenor on any theory.  It is expressly understood and agreed that this Agreement was entered into by the parties solely to avoid the burden and expense of further litigation.

The Commission, Plaintiff-Intervenor, and the Defendant have advised this Court that they desire to resolve Civil Action No. 1:07cv-0963-JDT-WTL without the burden and expense of further litigation.

It is, therefore, the finding of this Court, based on the pleadings and the record as a whole that the applicable requirements of the ADA will be carried out by the implementation of this Decree, and this Decree resolves the issues raised by the Complaint of the Commission.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

1.      This Decree resolves all claims of the Commission and Plaintiff-Intervenor against Defendant in this action, including, but not limited to, back pay, compensatory and punitive damages, interest, injunctive relief, and attorneys' fees and costs.

2.      All references to Defendant herein refer to Defendant Irwin Mortgage Corporation.

3.      Defendant agrees that it will continue to maintain a work environment for all employees that is in compliance with the confidentiality provisions of the Americans with Disabilities Act.

4.      This Decree, being entered with the consent of the Commission, the Plaintiff-Intervenor, and the Defendant, shall not constitute an adjudication or finding on the merits of the case, and shall not be construed as an admission of liability by Defendant.  Defendant

2

affirmatively denies the allegations that it engaged in any wrongdoing, including, but not limited to, the allegation that it violated the ADA.  Defendant agrees to this Decree solely for the purpose of avoiding further litigation.

5.      Defendant agrees that there will be no discrimination or retaliation of any kind against any person because of opposition to any practice made unlawful under the Americans with Disabilities Act, or because of the filing of a charge, the giving of testimony, assistance, or participation in any manner in an investigation, proceeding or hearing under the Americans with Disabilities Act.

6.      Defendant agrees to post the Notice of Policy Requiring Confidentiality of Employees' Medical Information attached as Appendix A to this Decree in a conspicuous place on its premises at 10500 Kincaid Drive, Fishers, Indiana ("Fishers Facility").  Said notice shall be posted within ten (10) business days of the date of entry of this Decree and it shall remain posted for as long as Defendant remains in operation at the Fishers Facility but not after the expiration of the Term of this Decree.

7.      Defendant agrees to pay the sum of $60,000 to Plaintiff-Intervenor, or her heirs and assigns in the event of her death, the timing of said payment to be agreed to by Defendant and Plaintiff-Intervenor.  Defendant agrees to mail two (2) checks, totaling the amount of $60,000, to Plaintiff-Intervenor's  attorney, Neal Eggeson, Eggeson Appellate Services, 1508 East 86th Street, Suite 200, Indianapolis, IN  46240.

8.      Defendant agrees to issue and maintain, within thirty (30) business days of the date of entry of this Decree, a written policy which requires Defendant to keep confidential employees' medical information pursuant to the ADA.  Defendant agrees that the policy will be

3

included in any employees' manual or other printed memorandum regarding employment policies that is distributed to its employees at the Fishers Facility after the date of this Decree. Defendant agrees that the policy requiring Defendant to keep confidential employees' medical information will be explained to any employee at the Fishers Facility at the time he or she receives the written copy of the policy.

9.      Defendant agrees to submit reports to the EEOC detailing its compliance with this Decree.  Within forty-five (45) days of the date of entry of this Decree, Defendant will certify to the EEOC Regional Attorney that the distribution and explanation of the policy has been completed and provide EEOC with a copy of the personnel manual or memorandum, if any, containing the policy prohibiting disclosure of an employee's medical condition.  In addition, if Defendant has any employees during the Term of this Decree at the Fishers Facility, semi-annual reports shall be submitted during the time Defendant remains in operation at the Fishers Facility but not after the expiration of the Term of this Decree.  All reporting requirements set forth in this decree will expire at the end of the Term, as defined below.  The first such report shall be due six (6) months from the date of entry of this Decree, if at that time Defendant remains in operation at the Fishers Facility, and at six (6) month intervals thereafter, again for as long as Defendant remains in operation at the Fishers Facility but not after the expiration of the Term of this Decree.  Such reports shall include the following information for Defendant's Fishers Facility for the six (6) month period preceding the report:  a description of any and all verbal or written complaints of disclosure of an employee's medical condition received by the company or any of its managers or supervisors from any employee, the name and position of the complainant and the disposition of the complaint, including any discipline administered or other action taken

4

as a result of the complaint.  The Parties acknowledge that Defendant does not have any employees as of the date of this Decree.  Reports shall be sent to the attention of Laurie A. Young, Regional Attorney, or her successor, Equal Employment Opportunity Commission, 101 W. Ohio Street, Suite 1900, Indianapolis, Indiana, 46204.

10.     Defendant agrees that the EEOC may review compliance with this Decree.  As part of such review, the EEOC may, at mutually agreed upon times, inspect the premises at the Fishers Facility, interview employees, and examine and copy documents.

11.     In the event that EEOC alleges that a violation of this Decree has occurred, prior to exercising any remedy provided by law, EEOC will give notice in writing thereof, specifically identifying the alleged violation to Defendant.  Defendant will have thirty (30) business days in which to investigate and respond to the allegation.  Thereafter, the Parties will have a period of thirty (30) business days, or such additional period as may be agreed upon by them, in which to negotiate and confer regarding such allegation, before the EEOC exercises any remedy provided by law.

12.     The term of this Decree shall be for two (2) years following the date of the entry of this Decree.  This Decree shall expire by its own terms at the end of said two (2) year period, without further action by the Parties.

13.     The Commission, Plaintiff-Intervenor, and Defendant will bear their own costs and attorney fees incurred in this action.

14.     The Parties agree to entry of this Decree subject to final approval by the Court.

15.     RETENTION OF JURISDICTION BY COURT     The Court will retain jurisdiction of this cause throughout the duration of this Decree for purposes of monitoring

5

compliance with this Decree and entry of such further orders as may be necessary or appropriate.

SO ORDERED, ADJUDGED AND DECREED, this 20th day of _____December_____, 2007

_____12/20/2007_____
Date

_____
John Daniel Tinder, Judge
United States District Court

6

Copies to:

Johanna Philhower Maple, Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
101 W. Ohio Street, Suite 1900
Indianapolis, IN  46204
(317) 226-5601
FAX: (317) 226-5571
johanna.maple@eeoc.gov

Neal Eggeson
Eggeson Appellate Services
1508 East 86th Street, Suite 200
Indianapolis, IN  46240
nfeggeson@kopkalaw.com

Michael A. Blickman
Michael Dalrymple
ICE MILLER LLP
One American Square, Suite 3100
Indianapolis, IN 46282-0200
michael.blickman@icemiller.com
michael.dalrymple@icemiller.com

APPENDIX A

# EMPLOYEE NOTICE

## Posted Pursuant to an Agreement with the
## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Indianapolis District Office

NOTICE OF POLICY REQUIRING CONFIDENTIALITY
OF EMPLOYEES' MEDICAL INFORMATION

This Notice is being distributed and posted by agreement between Irwin Mortgage Corporation and the United States Equal Employment Opportunity Commission (EEOC) in a case resulting from a charge alleging a violation of the confidentiality provisions of the Americans with Disabilities Act.

Federal law requires an employer to keep confidential its employees' medical information.

Federal law also prohibits retaliation of any kind against any person who has opposed any practice made unlawful under that law or because an individual has filed a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing.

Irwin Mortgage Corporation's managers are expected to ensure that their employees' medical information is not disclosed to coworkers.  Irwin Mortgage Corporation will take disciplinary measures against any managers guilty of making any disclosures that are prohibited by federal law.

Should you have any complaints of violations of the confidentiality provisions of the Americans with Disabilities Act, you can contact the EEOC at the address and telephone number given below.

## Questions concerning this notice may be addressed to:

**Equal Employment Opportunity Commission**
**101 W. Ohio St., Suite 1900, Indianapolis, Indiana 46204-4203**
**Telephone:  1-800-669-4000, TDD (317) 226-5162**

8